UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSH HAUSER<br>3028 Woodland Ave<br>Columbus, OH 43224-4658,<br><br>on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>INTER-CON SECURITY SYSTEMS, INC.<br>c/o Paycorp Incorporated<br>4568 Mayfield Rd, Ste 204<br>Cleveland, OH 44121-4050,<br><br>      Defendant. | CASE NO. 2:22-cv-2517<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Josh Hauser, by and through undersigned counsel, and for his Complaint against Defendant Inter-Con Security Systems, Inc., states and alleges the following:

**INTRODUCTION**

1. Plaintiff institutes this "collective action" as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, including overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Franklin County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant was a for-profit corporation, organized and existing under the laws of the State of California, doing business in Ohio as a foreign corporation.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Plaintiff will file written consents to join this action as to Count One, as and when executed by other individual plaintiffs, pursuant to 29 U.S.C. § 216(b).

**FACTUAL ALLEGATIONS**

12. Defendant is a security services company that offers security services for its customers throughout the country.

13. Defendant has employed Plaintiff as a security officer since approximately February 2022.

14. Defendant employed, and continues to employ, other similarly-situated employees as security officers.

15. Defendant classified Plaintiff and other similarly-situated employees as non-exempt under the FLSA.

16. Defendant paid Plaintiff and other similarly-situated employees on an hourly basis.

17. Plaintiff and other similarly-situated employees regularly worked more than 40 hours per workweek.

**(Failure to Pay for "Pass Down" or Shift Change Work)**

18. Defendant required Plaintiff and other similarly-situated employees to arrive at work at least 30 minutes before their scheduled start time to perform "pass down" or shift change work.

19. The pass down or shift change work included, but was not limited to, speaking with the security officer who worked the previous shift to obtain information about security issues that occurred during the previous shift and security issues that could occur during the next shift, and changing into a uniform that included pants, body armor, a shirt, a hat, a badge, a holster, gun magazines, a baton, handcuffs, and/or a pistol.

20. Performing pass down or shift change work was an essential part of security officers' required job duties. Plaintiff and other similarly-situated employees could not perform

their jobs without first performing pass down or shift change work.

21. During the pass down, Plaintiff and other similarly-situated employees obtained information about security issues that occurred on the previous shift and security issues that could occur on the next shift.

22. Defendant did not pay Plaintiff and other similarly-situated employees for all time spent performing pre-shift pass down work and did not count such time as hours worked for purposes of computing overtime.

23. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted part of their fixed and regular working time.

24. Defendant knew that Plaintiff and other similarly-situated employees performed this unpaid work because Defendant required them to perform it, and supervisors observed them performing it.

25. This unpaid work, which Plaintiff and other similarly-situated employees performed, was practically ascertainable to Defendant.

26. Recording this unpaid work for payroll purposes was neither practically nor administratively difficult, as Defendant could have precisely recorded such time simply by allowing them to clock in before they began pass down work.

**(Failure to Pay Overtime Compensation)**

27. Due to Defendant's failure to pay Plaintiff and other similarly-situated employees for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the time they worked in excess of 40 hours each workweek.

**(Failure to Keep Accurate Records)**

28. Defendant failed to make, keep, and preserve records of the unpaid work that

Plaintiff and other similarly-situated employees performed before their scheduled shift times.

**(Defendant Willfully Violated the FLSA)**

29. Defendant knowingly and willfully engaged in the FLSA violations mentioned above.

**COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff brings Count One of this action on her behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

31. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> All former and current security employees, including security officers, who were employed by Inter-Con Security Systems at any time during the period beginning three years preceding this action's commencement through the present.

32. Plaintiff cannot currently state the exact size of the potential class, but, upon information and belief, avers that it consists of at least several thousand persons.

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for improperly rounding starting and stopping times, unpaid wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated regarding their wages and claims for unpaid wages and damages. Plaintiff is representative of these other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

34. These similarly-situated employees are known to Defendant and readily identifiable through Defendant's business and payroll records. These individuals may readily be

notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current security employees, including security officers, who were employed in Ohio by Inter-Con Security Systems, Inc. at any time during the period beginning three years preceding this action's commencement through the present.

36. The Ohio Class is so numerous that joinder of all class members is impracticable.

37. Plaintiff cannot currently state the exact size of the potential Ohio Class, but, upon information and belief, avers that it consists of several hundred persons.

38. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its employees for time worked in excess of 40 hours each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. § 4111.03 and § 4111.10.

39. Plaintiff's claims are typical of other Ohio Class members' claims. His claims arise out of Defendant's same uniform course of conduct and are based on the same legal theories, as the other Ohio Class members' claims.

40. Plaintiff will fairly and adequately protect the Ohio Class members' interests. His interests are in unison with, and not antagonistic to, the other Ohio Class members' interests.

41. Plaintiff's counsel has broad experience handling class action wage-and-hour

litigation and is fully qualified to prosecute the Ohio Class members' claims in this case.

42. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class are common to the entire class, and predominate over any questions affecting only individual class members.

43. A class action is superior to other available methods to fairly and efficiently adjudicate this controversy. Requiring Ohio Class members to pursue their claims individually would entail numerous separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that the members would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

### (Fair Labor Standards Act Violations)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before their scheduled shift each day violated the FLSA, 29 U.S.C. § 207.

46. Defendant's practice and policy of not paying Plaintiff and similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

47. Defendant's failure to keep records of all hours that Plaintiff and similarly-situated

employees worked each workday and each workweek violated the FLSA, 29 C.F.R. § 516.2(a)(7).

48. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the FLSA.

49. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

### (Violations of Ohio Revised Code 4111.03)

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before their scheduled shift each day violated the OMFWSA, R.C. § 4111.03.

52. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they worked over 40 in a workweek violated the OMFWSA, R.C. § 4111.03.

53. Defendant's failure to keep records of all hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the OMFWSA, R.C. § 4111.03.

54. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the OMFWSA.

55. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant

to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively prays that this Honorable Court hold Defendant jointly and severally liable and:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes he represents actual damages for unpaid wages;

D. Award Plaintiff and the classes he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the classes;

E. Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

    Respectfully submitted,

/s/ Alanna Klein Fischer
Alanna Klein Fischer (0090986)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
Matthew S. Grimsley (0092942)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, OH 44022
Phone: 216-696-5000

        Facsimile: 216-696-7005
        alanna@lazzarolawfirm.com
        anthony@lazzarolawfirm.com
        lori@lazzarolawfirm.com
        matthew@lazzarolawfirm.com

        Plaintiff's Attorneys

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

        /s/ Alanna Klein Fischer
        Alanna Klein Fischer (0090986)
        One of Plaintiff's Attorneys